XAVIER BECERRA, State Bar No. 118517
Attorney General of California
FIEL D. TIGNO, State Bar No. 161195
Supervising Deputy Attorney General
KELSEY LINNETT, State Bar No. 274547
Deputy Attorney General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-0986
Fax: (510) 622-2270
E-mail: Kelsey.Linnett@doj.ca.gov
*Attorneys for Office of the California State Controller and State Controller Betty T. Yee*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIANNA BOLDEN-HARDGE,** Plaintiff, | Case No. 2:20-cv-02081 JAM-DB |
| **v.** | **NOTICE OF MOTION AND MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6)** |
| **OFFICE OF THE CALIFORNIA STATE CONTROLLER and BETTY T. YEE in her official capacity as California State Controller,** Defendants. | Date: March 23, 2021<br>Time: 1:30 p.m.<br>Dept: Courtroom 6, 14th Floor<br>Judge: Hon. John A. Mendez<br>Action Filed: October 19, 2020 |

## TABLE OF CONTENTS

**Page**

Introduction ..... 3
Alleged Facts and Admissions ..... 4
Standard ..... 6
I. Plaintiff's Claims Have No Merit ..... 6
A. Established Case Law Has Determined California's Public Employee Oath Requirement Is Constitutional ..... 6
B. The Office of the State Controller Was Not Required to Waive or Modify the Oath to Accommodate Plaintiff's Religious Beliefs ..... 9
II. Plaintiff's Section 1983 Claims Are Barred by the Eleventh Amendment and Are Moot ..... 12
Conclusion ..... 13

## TABLE OF AUTHORITIES

Page

**CASES**

*Levine v. Diamanthuset, Inc.*
950 F.2d 1478 (9th Cir. 1991) ........ 6

*Arizona Students' Association v. Arizona Board of Regents*
824 F.3d 858 (9th Cir. 2016) ........ 12

*Arizonans for Official English v. Arizona*
520 U.S. 43 (1997) ........ 13

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990) ........ 6

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007) ........ 6

*Bond v. Floyd*
385 U.S. 116 (1966) ........ 9

*Chilton v. Contra Costa Community College Dist.*
55 Cal.App.3d 544 (1976) ........ 3, 6

*City of Erie v. Pap's A.M.*
529 U.S. 277 (2000) ........ 12

*Cohen v. Wright*
22 Cal. 293 (1863) ........ 7

*Cole v. Richardson*
405 U.S. 676 (1972) ........ 3, 8, 9

*Gilbreath v. Cutter Biological, Inc.*
931 F.2d 1320 (9th Cir. 1991) ........ 12

*Janas v. McCracken (In re Silicon Graphics Sec. Litig.)*
183 F.3d 970 (9th Cir. 1999) ........ 6

*Los Angeles County Dept. of Parks & Recreation v. Civil Services Comm'n*
8 Cal.App.4th 273 (1992) ........ 11

*Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*
429 U.S. 274 (1977) ........ 12

*Navarro v. Block*
250 F.3d 729 (9th Cir. 2001) ........ 6

*Ohlson v. Phillips*
397 U.S. 317 (1970) .....9

*Opuku-Boateng v. State of Calif.*
95 F.3d 1461 (9th Cir. 1996) .....11

*Pennhurst State School & Hosp. v. Halderman*
465 U.S. 89 (1984) .....4, 12

*San Francisco Police Officers Assn. v. City and County of San Francisco*
69 Cal.App.3d 1019 (1977) .....7

*Sato v. Orange County Dept. of Ed.*
861 F.3d 923 (9th Cir. 2017) .....6

*Seaworth v. Pearson*
203 F.3d 1056 (8th Cir. 2000) .....10

*Smith v. County Engineer*
266 Cal.App.2d 645 (1968) .....6, 7, 8

*Sutton v. Providence St. Joseph Med. Ctr.*
192 F.3d 826 (9th Cir. 1999) .....3, 10

*Tagore v. United States*
735 F.3d 324 (5th Cir. 2013) .....10

*Valdes v. Cory*
139 Cal.App.3d 773 (1983) .....11

*West v. Secretary of Dept. of Transp.*
206 F.3d 920 (9th Cir. 2000) .....12

**STATUTES**

42 U.S.C. § 1983 .....4, 12

42 U.S.C. § 2000e-2 .....9

42 U.S.C. § 2000e(j) .....10

California Government Code § 12926 .....11

California Government Code § 12940 .....10

California Government Code § 12940(l) .....10, 11

California Government Code §§ 18150, 18151 .....3, 5, 11

## CONSTITUTIONAL PROVISIONS

California Constitution Article III, § 3.5 .......... 11

California Constitution Article XX, § 3 .......... 3, 5, 6, 7, 11

United States Constitution Article II, § 1, cl. 8 .......... 8

United States Constitution Article VI, cl. 3 .......... 8

## COURT RULES

Federal Rule Civil Procedure 12(b)(1) .......... 6, 12

Federal Rule Civil Procedure 12(b)(1) and (6) .......... 3

Federal Rule Civil Procedure 12(b)(6) .......... 6

## OTHER AUTHORITIES

California Code of Regulations, Title 2, § 11010, subd. (f) .......... 11

**TO PLAINTIFF AND HER COUNSEL:**

PLEASE TAKE NOTICE that, on Tuesday, March 23, 2021, at 1:30 p.m., or at another date and time the Court may set, in Courtroom 6, 14th Floor of the above-entitled Court, located at 510 I Street, Sacramento, California, Defendants Office of the California State Controller and Betty T. Yee in her official capacity as California State Controller, will move this court to dismiss this action by plaintiff Brianna Bolden-Hardge pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on the grounds that:

A. Plaintiff's Claims Are Not Cognizable Because the Oath Is a Constitutional Prerequisite for State Employment.

B. Plaintiff's Claims Are Not Cognizable Because an Employer Is Not Required to Accommodate a Request to Waive or Modify the Oath Required by State Law.

C. Plaintiff's Section 1983 Claim Is Barred Because the Office of the State Controller Is Not a "Person" Under 42 U.S.C., §1983.

D. Plaintiff's Claims Are Barred by the Eleventh Amendment.

E. Plaintiff's Claims Are Moot Because There Is No Effective Prospective Relief

This motion will be based on this Notice of Motion and Motion and the Memorandum of Points and Authorities, and the pleadings and papers filed in this case. This motion is made following the conference of counsel pursuant to the Court's meet and confer requirements as outlined in section III of the Order re Filing Requirements, ECF No. 3-2. The conference was initiated on January 14, 2021 and continued on January 19, 2021.

Dated: January 20, 2021

Respectfully Submitted,

XAVIER BECERRA
Attorney General of California
FIEL TIGNO
Supervising Deputy Attorney General

/s/ Kelsey Linnett
KELSEY C. LINNETT
Deputy Attorney General
*Attorneys for Office of the California State Controller and State Controller Betty T. Yee*

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants file this memorandum of points and authorities in support of their motion under Fed. R. Civ. P. 12(b)(1) and (6) to dismiss plaintiff's complaint in this action. The fatal defects in plaintiff's lawsuit require the entire action against defendants to be dismissed.

## INTRODUCTION

This case is about California's constitutional requirement that public employees working on behalf of the people of the State of California should, at a minimum, take an oath to follow the federal and state constitutions. By committing to follow the highest laws of California and the United States, public employees are *not* required to forsake their God or their religion. Indeed, the federal and state constitutions guarantee the very free exercise of religion that plaintiff seeks to protect in this lawsuit. It is undisputed that plaintiff sought a job as a public employee, and, in that role, she was required by the California Constitution to take an oath to discharge her duties lawfully in the face of threats to democracy and the proper functioning of government. Indeed, recent events at the U.S. Capitol demonstrate that these threats to the federal constitution are very real. If a state employee cannot commit to carry out her public service first, and place personal sympathies and allegiances aside, she is not qualified to be in public service.

As a government employer, the Office of the California State Controller, is required by the state constitution to administer an oath of office to its employees as a condition of employment. California Constitution, Art. XX, § 3; California Government Code §§ 18150, 18151. This oath and oaths like it have been upheld as constitutional when applied to public employees. *Cole v. Richardson*, 405 U.S. 676 (1972); *Chilton v. Contra Costa Community College Dist.*, 55 Cal.App.3d 544 (1976). Therefore, the Office of California State Controller lawfully rescinded plaintiff's job offer when she refused to sign the oath.

Plaintiff's request for a religious accommodation to modify this constitutionally required oath is nonactionable because an employer is not required to violate federal or state law to accommodate an employee's religious beliefs. *Sutton v. Providence St. Joseph Med. Ctr.* (9th Cir. 1999) 192 F.3d 826, 830-831. Therefore, plaintiff's federal and state claims for failure to accommodate her religion fail as a matter of law.

Because California's legally required oath for public employees is constitutionally valid, plaintiff's constitutional claims also fail. Furthermore, the Eleventh Amendment bars suit against the Office of the California State Controller under 42 U.S.C. § 1983, and bars retrospective relief and money damages. *Pennhurst State School & Hosp. v. Halderman* 465 U.S. 89, 102-103 (1984). In addition, plaintiff's constitutional claims are moot because she obtained another job. Any prospective relief would amount to an advisory opinion because there is no effective prospective relief for plaintiff in light of her other employment.

The fact that other state agencies may have chosen to waive or modify the oath does not create an obligation for the Office of the State Controller to do the same. The Controller is the chief fiscal officer of California, responsible for accountability of California's financial resources. Commitment to the rule of law is therefore a paramount concern for the Office of the State Controller. Ultimately, it was plaintiff's decision whether to take the constitutionally required oath, unequivocally, to support and defend the federal and state constitutions and to faithfully discharge her duties. The Office of the State Controller is not in a position to relax this legally mandated oath. Nor is the Office of the State Controller able to evaluate how a prospective employee's primary allegiance to her religious beliefs might conflict with that employee's adherence to the constitution and the proper functioning of government. Plaintiff's refusal to sign the oath was a lawful and valid reason to rescind her employment offer to work at the Office of the State Controller. Therefore, all of plaintiff's claims should be dismissed.

## ALLEGED FACTS AND ADMISSIONS

Plaintiff is a Jehovah's Witness who believes that her faith forbids her from swearing primary allegiance to any human government and forbids her from swearing to engage in political or military activity, including taking up arms. Complaint ¶¶ 18-19. Her religious beliefs mandate that her allegiance is first and foremost to the Kingdom of God. Complaint ¶ 20.

Plaintiff applied for a job as an Associate Governmental Program Analyst at the Office of the State Controller and received an offer. Complaint ¶¶ 22, 25. As a precondition to starting her job, the Office of the State Controller required Plaintiff to sign a legally required oath. Complaint ¶ 27. The oath stated:

> I. ____, do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution of the State of California against all enemies, foreign and domestic; that I will bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties upon which I am about to enter.

Complaint ¶ 27.

The California Constitution requires all public employees to affirm this oath verbatim. Cal. Const. Art. XX, § 3. California Government Code sections 18150 and 18151 specifically require state employees to affirm this oath.

Plaintiff believed that signing the oath would require her to put her allegiance to the state and federal government over her allegiance to God and commit her to take up arms in defense of the state in violation of her religious beliefs. Complaint ¶ 27. Plaintiff proposed signing the oath with an addendum affirming her allegiance first and foremost to God and her refusal to take up arms:

> I, Brianna Bolden-Hardge, vow to uphold the Constitutions of the United States and of the State of California while working in my role as an employee of the State Controller's Office. I will be honest and fair in my dealings and neither dishonor the Office by word nor deed. By signing this oath, I understand that I shall not be required to bear arms, engage in violence, nor to participate in political or military affairs. Additionally, I understand that I am not giving up my right to freely exercise my religion, nor am I denouncing my religion by accepting this position.

Complaint ¶¶ 32, 41.

The Office of the State Controller considered but ultimately declined plaintiff's request and rescinded its job offer when plaintiff refused to sign the oath without modification. Complaint ¶¶ 33-34.

**STANDARD**

Under Fed. R. Civ. P. 12(b)(1) a defendant my move to dismiss a claim for lack of subject matter jurisdiction, including on immunity grounds. A sovereign immunity defense is "quasi-

jurisdictional" in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion. *Sato v. Orange County Dept. of Ed.*, 861 F.3d 923, 927, fn. 2 (9th Cir. 2017).

Under Fed. R. Civ. P. 12(b)(6) a defendant may move to dismiss for plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under a 12(b)(6) motion, the Court must assume plaintiff's allegations are true and construe them in the light most favorable to the plaintiff. *See Janas v. McCracken (In re Silicon Graphics Sec. Litig.),* 183 F.3d 970, 983 (9th Cir. 1999). A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court will dismiss plaintiff's complaint where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

## I. PLAINTIFF'S CLAIMS HAVE NO MERIT

### A. Established Case Law Has Determined California's Public Employee Oath Requirement Is Constitutional

There is no dispute that the Office of the State Controller did exactly what the California Constitution mandates—that all public employees take an oath swearing (or affirming) to support, defend, and bear true faith and allegiance to the Constitution of the United States and the Constitution of the State of California. Cal. Const. Art. XX, § 3.

California courts have upheld this requirement as constitutional. *Chilton v. Contra Costa Community College Dist.*, 55 Cal.App.3d 544, 551 (1976). Hence, the oath is mandatory. *Smith v. County Engineer*, 266 Cal.App.2d 645, 653-654 (1968). Moreover, this oath is the *only* oath a public employer can administer to its employees. *San Francisco Police Officers Assn. v. City and County of San Francisco*, 69 Cal.App.3d 1019, 1024 (1977); Cal. Const. Art. XX, § 3 ("And no

other oath, declaration, or test, shall be required as a qualification for any public office or employment").

The rights and obligations of government to assure itself that public servants will be loyal and follow the rule of law are long recognized. In *Cohen v. Wright*, 22 Cal. 293 (1863), the California Supreme Court said of the constitutional oath, as it then read: "All civilized Governments require their officers to take an oath of allegiance, by which the party swears to bear true faith and allegiance to the reigning sovereign," which at the state and national level is the Constitution "as the representative of the sovereign power." *Cohen v. Wright*, 22 Cal. at 308-309. The Constitution is not just a piece of paper, but the government organized by the Constitution, the supreme law of the United States. *Id.* at 309.

In *Smith*, the California Court of Appeal held that the oath serves the fundamental purpose of ensuring that public employees follow the Constitution and adhere to its governing principles, and the court expounded on the oath's minimal impact on individual freedom. As the court explained, the "most the constitutional oath says is that the oath taken recognizes the constitutional form of government" and that the oath-taker is "willing to exert his efforts to continue it as the political system for the government of the country and the state and to act against the erosion or destruction of that system." 266 Cal.App. at 652. There is nothing in the oath that requires a public employee to surrender any constitutional right. *Id.* Constitutional freedoms are not protected for the purpose of undermining the logical and reasonable functions of constitutional government. *Id.* at 653.

Similar to this case, in *Smith*, a county engineer was terminated after refusing to sign the California oath. *Id.* at 648. He was willing to sign the oath with an added statement that his "supreme allegiance was to the Lord Jesus Christ," but the county refused. *Id.* at 648. The court rejected the employee's argument that his added language was compatible with the oath requirement. *Id.* at 656-57. The court reasoned that the state Constitution provision that "no other oath, declaration, or test, shall be required" precluded personal addenda or other modifications. *Id.* at 656. In addition, the court was troubled by the employee "gratuitously injecting his religious beliefs into the governmental process." *Id.* The obvious meaning of the

proposed addendum, the court explained, was a statement that the employee would support and defend the constitution, but that, if his religious beliefs and the support and defense of the constitution conflicted, he would yield to his religious beliefs. *Id.* An individual's religious beliefs may or may not allow him to unequivocally take the public employee oath, but that is a decision he must make for himself. *Id.* at 657. A public entity should not be engaged in evaluating an employee's religious beliefs against the interests and requirements of the governmental institution. *Id.*

Likewise, the United States Supreme Court has upheld state requirements that public employees swear to support the federal or state constitutions. *Cole v. Richardson*, 405 U.S. 676 (1972). In *Cole*, a researcher hired by the Boston State Hospital was asked to subscribe to the oath required of all public employees in Massachusetts. *Id.* at 678. The oath was similar to the California oath in this case:

> I do solemnly swear (or affirm) that I will uphold and defend the Constitution of the United States of America and the Constitution of the Commonwealth of Massachusetts and that I will oppose the overthrow of the government of the United States of America or of this Commonwealth by force, violence or by any illegal or unconstitutional method.

*Id.* at 677-78. The researcher refused because of her belief that the oath was in violation of the Constitution. *Id.* at 679. The Court held that the Massachusetts oath was constitutional. *Id.*

*Cole* remains controlling law, and the reasoning makes sense to require public servants to swear loyalty to the government and to protect the federal and state constitutions. As the Supreme Court pointed out, the United States Constitution itself prescribes comparable oaths in two articles. *Id.* at 681. Article II, section 1, clause 8, provides that the President shall swear that he will "faithfully execute the Office" and "will to the best of (his) Ability preserve, protect and defend the Constitution of the United States." *Id.* Article VI, clause 3, provides that all state and federal officers shall be bound by an oath "to support this Constitution." *Id.* Although in theory the First Amendment might have invalidated those provisions, the Court reasoned that "approval of the amendment by the same individuals who had included the oaths in the Constitution suggested strongly that they were consistent." *Id.* at 682.

The Supreme Court looked to several cases in which it upheld the constitutionality of oaths addressed to the future and promising constitutional support in broad terms, regardless of the specific words used. *Cole,* 405 U.S. at 682. In *Bond v. Floyd*, 385 U.S. 116 (1966), the Court upheld a Georgia requirement that state legislators swear to "support the Constitution of this State and the United States." In *Ohlson v. Phillips*, 397 U.S. 317 (1970), the Court upheld a state requirement that teachers swear to "uphold" the Constitution. The Court concluded that the oath in *Cole* was similarly asking for a promise of constitutional support in broad terms, and that no constitutional right is infringed by an oath to abide by the constitutional system in the future. *Cole,* 405 U.S. at 686. Even the dissenting opinion objecting to the second part of the oath to "oppose" governmental overthrow acknowledged that the first part of the oath to "defend" the state and federal Constitutions "is clearly constitutional" because it is "nothing more than the traditional oath of support" that the Supreme Court has unanimously upheld as a condition of public employment. *Id.* at 692 (Marshall, J. dissenting).

Hence, California's constitutionally mandated oath serves the fundamental and proper purpose of requiring public employees to affirm their allegiance to follow the state and federal constitutions in serving their duties as public servants. Because California's oath is constitutional, the Office of the State Controller's requirement that plaintiff take the oath without modification was lawful and cannot be a basis for liability in any of plaintiff's claims. Therefore, all of plaintiff's claims should be dismissed.

### B. The Office of the State Controller Was Not Required to Waive or Modify the Oath to Accommodate Plaintiff's Religious Beliefs

Plaintiff fails to state a religious accommodation claim under federal or state law because employers are not required to make an accommodation that violates the law. Both Title VII and the FEHA broadly prohibit employment discrimination against individuals "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 emphasis added; Calif. Gov. Code § 12940. The prohibition against religious discrimination includes protection against adverse treatment and imposes on the employer a duty of reasonable accommodation for employees' religious beliefs or observances. 42 U.S.C. § 2000e(j); Calif. Gov. Code § 12940(l).

Employers are not, however, required to violate the law to accommodate employees' religious beliefs. *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999); *Seaworth v. Pearson,* 203 F.3d 1056, 1057 (8th Cir. 2000) (requiring employer to accommodate employee's refusal to provide social security number for religious reasons would compel employer to violate Internal Revenue Code and subject itself to penalties); *Tagore v. United States,* 735 F.3d 324, 329-330 (5th Cir. 2013) (employer not required to accommodate Sikh employee's wearing of kirpan with 3-inch blade where federal law prohibited blades that long in federal buildings). Here, plaintiff's accommodation request to modify the oath would have required the Office of the State Controller to violate the law by disregarding a constitutional and statutory requirement that it administer the oath in the California Constitution—and no other oath—to its employees. Moreover, by insisting that the constitutionally required oath be modified to reference plaintiff's religious beliefs, plaintiff was seeking a modification that would improperly insert religion in government business.

The Ninth Circuit has held that employers are not required to accommodate employee's religious beliefs if the accommodation would violate the law. In *Sutton*, a hospital offered an applicant a position as a network analyst, and the applicant accepted. *Id.* at 829. Before he could begin working, the applicant was required to fill out employment forms that required his social security number. *Id.* The applicant believed that a social security number was the "Mark of the Beast" prophesied in the Book of Revelations and that his religion prevented him from providing such a number. *Id.* The medical center refused to hire him without his social security number because employers are required by law to obtain employees' social security numbers. *Id.* at 830. The court held that that accommodating the applicant's religion would cause "undue hardship" as a matter of law. *Id.* at 831. Here, too, it is an "undue hardship" as a matter of law to require the Office of the State Controller not to administer the oath required by law.

The California Constitution requires all public employees to affirm this oath verbatim. Cal. Const. Art. XX, § 3. California Government Code sections 18150 and 18151 also require state employees to affirm this oath. The Office of the State Controller has no power to declare a statute unenforceable, or to refuse to enforce a statute, on the basis of it being unconstitutional or

unlawful unless a court has made a determination that the statute is unconstitutional or that the enforcement of such statute is unlawful. Cal. Const. Art. III, § 3.5; *Valdes v. Cory,* 139 Cal.App.3d 773, 780 (1983) (state agencies have a constitutional duty to comply with a challenged statute unless and until an appellate court declares the statute unconstitutional).

Similarly, FEHA does not require employers to accommodate a religious belief if the accommodation would cause "undue hardship." Calif. Gov. Code § 12940(l). "Undue hardship" means an action requiring significant difficulty or expense, when considered in light of a number of factors, including the nature of the accommodation needed. Calif. Gov. Code § 12926. Here, the religious accommodation is a request that the Office of State Controller violate state law and therefore by its very nature would pose significant difficulty for a state agency with a constitutional duty to comply with the oath requirement.

Common sense dictates that FEHA does not require an employer to violate the law. In fact, the Fair Employment and Housing Commission's regulations under California Code of Regulations, Title 2, section 11010, subdivision (f), provides explicitly: "Otherwise Required by Law. Notwithstanding a showing of discrimination, such an employment practice is lawful where required by state or federal law or where pursuant to an order of a state or federal court of proper jurisdiction." The plain meaning of this regulation is that the FEHA exempts an employer from liability for following the mandates of state or federal law. Moreover, because the purposes of Title VII and FEHA are similar, when there is no precedent for a substantive point of discrimination law under state law, courts look to precedent under Title VII. *Los Angeles County Dept. of Parks & Recreation v. Civil Services Comm'n,* 8 Cal.App.4th 273, 280 (1992); *See Opuku-Boateng v. State of Calif.*, 95 F.3d 1461, 1468 (1996) (citing a Title VII case to define "undue hardship" under FEHA). As discussed above, under Title VII, an accommodation that requires an employer to violate the law is an "undue hardship" as a matter of law. Therefore, plaintiff's claim that the Office of State Controller violated FEHA by requiring plaintiff to take an oath, which is mandated by California's Constitution and statutes, is entirely baseless.

### II. PLAINTIFF'S SECTION 1983 CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT AND ARE MOOT

The Eleventh Amendment bars Section 1983 claims against "arms of the State" such as the Office of the State of Controller because state agencies are not "persons" under the statute. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (*citing Will v. Department of State Police*, 491 U.S. 58, 70 (1989) and *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 280 (1977)). Therefore, the Office of the State Controller should be dismissed from plaintiff's Section 1983 claim under Fed. R. Civ. P. 12(b)(1) or (6).

In addition, the Eleventh Amendment limits plaintiff's remedy under Section 1983 to prospective injunctive and declaratory relief. *Gilbreath*, 931 F.2d at 1327; *Arizona Students' Association v. Arizona Board of Regents*, 824 F.3d 858, 865 (9th Cir. 2016). Plaintiff is claiming lost income and other economic and non-economic damages to remedy her Section 1983 claim. Complaint ¶ 84. The line between prospective and retrospective relief is drawn because "[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law," whereas "compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Pennhurst State School & Hosp. v. Halderman* 465 U.S. 89, 102-103 (1984). Therefore, plaintiff's claim for monetary damages or other retrospective relief under Section 1983 should be dismissed under Fed. R. Civ. P. 12(b)(1) or (6).

However, plaintiff's request for prospective relief in this case is barred because of mootness. A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). The question is whether there can be any effective relief. *West v. Secretary of Dept. of Transp.*, 206 F.3d 920, 925 (9th Cir. 2000). Unless plaintiff can obtain effective relief, any opinion as to the legality of the challenged action would be advisory only. *City of Erie v. Pap's A.M.*, 529 U.S. at 287. Here, plaintiff admits that she found satisfactory employment at—not one, but three—other state agencies. Having gained employment elsewhere, she is not subject to the Office of State Controller's pre-employment requirements. *Arizonans for Official English v. Arizona*, 520

U.S. 43, 67 (1997) (public employee's suit challenging constitutionality of ballot initiative requiring state employees to speak only English dismissed as moot when she quit for a private job because she lacked a vital claim for prospective relief). Plaintiff is not trying to get a job at the Office of the State Controller. Therefore, there is no effective prospective relief to grant, and any injunctive or declaratory relief would amount to an improper advisory opinion.

## CONCLUSION

The oath the Office of the State Controller required of plaintiff was legally mandated and was nothing more than the traditional oath of support to the federal and state constitutions that the Supreme Court has unanimously upheld as a condition of public employment. The need for such a traditional oath by public servants is evident in light of current events in which the seat of government and the federal Constitution itself has been attacked. Because plaintiff fails to state a cognizable claim for relief, all of her claims should be dismissed.

Dated: January 20, 2021

XAVIER BECERRA
Attorney General of California
FIEL D. TIGNO
Supervising Deputy Attorney General

/s/ Kelsey Linnett
KELSEY LINNETT
Deputy Attorney General
*Attorneys for Office of the California State Controller and State Controller Betty T. Yee*

OK2020900414