1  ROB BONTA
   Attorney General of California
2  CHRIS A. KNUDSEN
   Senior Assistant Attorney General
3  KELSEY LINNETT, State Bar No. 274547
   Supervising Deputy Attorney General
4   1515 Clay Street, 20th Floor
    P.O. Box 70550
5   Oakland, CA  94612-0550
    Telephone:  (510) 879-0986
6   Fax:  (510) 622-2270
    E-mail:  Kelsey.Linnett@doj.ca.gov
7  *Attorneys for Office of the California State*
   *Controller, Malia Cohen, Betty Yee, and Gerard*
8  *Anderson*

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

| | |
|---|---|
| **BRIANNA BOLDEN-HARDGE,** | 2:20-cv-02081 |
| Plaintiff, | **DEFENDANT BETTY YEE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF** |
| v. | |
| **OFFICE OF THE CALIFORNIA STATE CONTROLLER and MALIA M. COHEN in her official capacity as California State Controller and in her individual capacity, BETTY T. YEE in her individual capacity, DEBBIE KING in her individual capacity, DEBRA SPELMAN in her individual capacity, CHRISTOPHER NORWOOD in his individual capacity, GERARD ANDERSON in his individual capacity, MICHELLE LNU in her individual capacity, and DOES 1-5 in their individual capacities,** | Judge:        Hon. John A. Mendez<br>Trial Date:   None Set<br>Action Filed:  October 19, 2020<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. | |

26      Defendant Betty Yee, in her individual capacity, answers Plaintiff Brianna Bolden-

27  Hardge's First Amended Complaint ("FAC") (Dkt. 29) filed on June 30, 2023 as set forth below.

28

1

**INTRODUCTION**

1.    In answer to paragraph 1, Defendant admits that the OSC rescinded its job offer to Plaintiff because she refused to sign the constitutional oath required by law for all state employees.  The balance of paragraph 1 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 1 not expressly admitted here, including the allegation that defendants' "intransigence violates the First Amendment and a host of other federal and state laws."

2.    Paragraph 2 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 2 not expressly admitted here.

3.    Paragraph 3 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 3 not expressly admitted here.

4.    In answer to paragraph 4, Defendant admits that Plaintiff accepted an offer to work for the OSC in its Payroll/Personnel Services Division and that as a condition of working at OSC she had to sign the constitutional oath required by law for all state employees.  Defendant also admits that Plaintiff offered to sign the oath with an addendum that her adherence to the oath was subject to her religious belief that her "first duty is to God."  As to any other factual allegations of

2

paragraph 4, Defendant lacks sufficient information and knowledge to form an opinion as to their truth and, on that basis, denies them.

5.      In answer to paragraph 5, Defendant admits that the OSC rescinded its job offer to Plaintiff because she refused to sign the constitutional oath required by law for all state employees.  Defendant denies that the OSC failed to accommodate Plaintiff's religious beliefs. The balance of paragraph 5 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content. Defendant denies all other factual allegations in paragraph 5 not expressly admitted here.

6.      In answer to paragraph 6, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

7.      In answer to paragraph 7, Defendant admits that then-Governor Schwarzenegger vetoed a proposed legislative exemption to the constitutional oath required for all state employees and made a veto statement as described in paragraph 7.  Defendant denies that the OSC refused to accommodate Bolden-Hardge.  The balance of paragraph 7 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 7 not expressly admitted here.

8.      In answer to paragraph 8, Defendant denies that defendants' acts and/or omissions in any way violated Plaintiff's rights or caused harm to Plaintiff.

## PARTIES

9.      In answer to paragraph 9, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

1    10.    In answer to paragraph 10, Defendant admits that the OSC is a department of the

2    State of California.

3    11.    In answer to paragraph 11, Defendant admits that Betty T. Yee was the State

4    Controller of California between 2015 and 2023.  Defendant admits that the State Controller is

5    the chief fiscal officer of California, who is responsible for accountability and disbursement of the

6    state's financial resources.  Defendant admits that Yee was responsible for all operations,

7    policies, and procedures of the State Controller's Office during that period.  Defendant denies all

8    other factual allegations in paragraph 11 not expressly admitted here.

9    12.    In answer to paragraph 12, Defendant admits that Malia Cohen succeeded Betty T.

10   Yee as State Controller of California starting in 2023.  Defendant admits that the State Controller

11   is the chief fiscal officer of California, who is responsible for accountability and disbursement of

12   the state's financial resources.  Defendant admits that Cohen is responsible for all operations,

13   policies, and procedures of the State Controller's Office during that period.  The balance of

14   paragraph 12 contains allegations to which no response is required because the allegations purport

15   to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal

16   contentions based on those statements, summaries, or conclusions of law.  To the extent that a

17   response to those remaining allegations is required, Defendant denies those allegations on the

18   basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all

19   other factual allegations in paragraph 12 not expressly admitted here.

20   13.    In answer to paragraph 13, Defendant admits that Debbie King was an employee of

21   the California State Controller's Office in 2017.  Defendant admits that King extended the offer

22   of employment to Bolden-Hardge.  Defendant denies that King was involved in the decision to

23   withdraw the offer of employment.  Defendant denies that the OSC failed to accommodate

24   Plaintiff's religious exercise.  The balance of paragraph 13 contains allegations to which no

25   response is required because the allegations purport to be statements, summaries, or conclusions

26   of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries,

27   or conclusions of law.  To the extent that a response to those remaining allegations is required,

28   Defendant denies those allegations on the basis that the law speaks for itself and is the best

4

evidence of its content.  Defendant denies all other factual allegations in paragraph 13 not expressly admitted here.

14.     In answer to paragraph 14, Defendant admits that Debra Spelman was an employee of the California State Controller's Office in 2017.  Defendant denies that Spellman communicated the rescission of the offer of employment to Bolden-Hardge.  The balance of paragraph 14 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 14 not expressly admitted here.

15.     In answer to paragraph 15, Defendant admits that Christopher Norwood is an employee of the California State Controller's Office since 2017.  Defendant denies Norwood communicated with Bolden-Hardge to confirm the rescission of the offer of employment.  The balance of paragraph 15 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content. Defendant denies all other factual allegations in paragraph 15 not expressly admitted here.

16.     In answer to paragraph 16, Defendant admits that Gerard Anderson is an employee of the California State Controller's Office since 2017.  Defendant denies that Anderson communicated with Bolden-Hardge to confirm the rescission of the offer of employment.  The balance of paragraph 16 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those

5

1  allegations on the basis that the law speaks for itself and is the best evidence of its content.

2  Defendant denies all other factual allegations in paragraph 16 not expressly admitted here.

3      17.    In answer to paragraph 17, Defendant lacks sufficient information and knowledge to

4  form an opinion as to the truth of any factual allegations and, on that basis, denies them.  The

5  balance of paragraph 17 contains allegations to which no response is required because the

6  allegations purport to be statements, summaries, or conclusions of law; or characterizations of

7  Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

8  extent that a response to those remaining allegations is required, Defendant denies those

9  allegations on the basis that the law speaks for itself and is the best evidence of its content.

10 Defendant denies all other factual allegations in paragraph 17 not expressly admitted here.

11     18.    In answer to paragraph 18, Defendant lacks sufficient information and knowledge to

12 form an opinion as to the truth of any factual allegations and, on that basis, denies them.  The

13 balance of paragraph 18 contains allegations to which no response is required because the

14 allegations purport to be statements, summaries, or conclusions of law; or characterizations of

15 Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

16 extent that a response to those remaining allegations is required, Defendant denies those

17 allegations on the basis that the law speaks for itself and is the best evidence of its content.

18 Defendant denies all other factual allegations in paragraph 18 not expressly admitted here.

19                              **JURISDICTION AND VENUE**

20     19.    In answer to paragraph 19, Defendant can neither admit nor deny the statements in

21 this paragraph because they are conclusions of law and not statements of fact.  Further, Defendant

22 denies jurisdiction based on sovereign immunity and the affirmative defenses asserted herein.

23 Defendant also denies that Plaintiffs stated a valid claim against them.

24     20.    In answer to paragraph 20, Defendant admits that the OSC is a state government

25 entity that maintains a principal place of business in Sacramento, California.  Defendant lacks

26 sufficient information and knowledge to admit or deny whether all defendants reside in California

27 and, on that basis, denies the allegation.  Defendant denies that the OSC refused to hire Plaintiff.

28 Defendant admits that OSC records related to the decision to rescind Plaintiff's job offer are

1   maintained in Sacramento County, California.  The balance of paragraph 20 contains allegations

2   to which no response is required because the allegations purport to be statements, summaries, or

3   conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements,

4   summaries, or conclusions of law.  To the extent that a response to those remaining allegations is

5   required, Defendant denies those allegations on the basis that the law speaks for itself and is the

6   best evidence of its content.  Defendant denies all other factual allegations in paragraph 20 not

7   expressly admitted here.

8                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

9           21.    In answer to paragraph 21, Defendant lacks sufficient information and knowledge to

10   form an opinion as to the truth of any factual allegations and, on that basis, denies them.  The

11   balance of paragraph 21 contains allegations to which no response is required because the

12   allegations purport to be statements, summaries, or conclusions of law; or characterizations of

13   Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

14   extent that a response to those remaining allegations is required, Defendant denies those

15   allegations on the basis that the law speaks for itself and is the best evidence of its content.

16   Defendant denies all other factual allegations in paragraph 21 not expressly admitted here.

17          22.    In answer to paragraph 22, Defendant lacks sufficient information and knowledge to

18   form an opinion as to the truth of any factual allegations and, on that basis, denies them.  The

19   balance of paragraph 22 contains allegations to which no response is required because the

20   allegations purport to be statements, summaries, or conclusions of law; or characterizations of

21   Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

22   extent that a response to those remaining allegations is required, Defendant denies those

23   allegations on the basis that the law speaks for itself and is the best evidence of its content.

24   Defendant denies all other factual allegations in paragraph 22 not expressly admitted here.

25          23.    In answer to paragraph 23, Defendant lacks sufficient information and knowledge to

26   form an opinion as to the truth of any factual allegations and, on that basis, denies them.  The

27   balance of paragraph 23 contains allegations to which no response is required because the

28   allegations purport to be statements, summaries, or conclusions of law; or characterizations of

1    Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

2    extent that a response to those remaining allegations is required, Defendant denies those

3    allegations on the basis that the law speaks for itself and is the best evidence of its content.

4    Defendant denies all other factual allegations in paragraph 23 not expressly admitted here.

5        24.    In answer to paragraph 24, Defendant admits that Plaintiff filed her FAC in

6    accordance with the deadlines set by the Court's May 15, 2023 Order (Dkt. 28).  The balance of

7    paragraph 24 contains allegations to which no response is required because the allegations purport

8    to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal

9    contentions based on those statements, summaries, or conclusions of law.  To the extent that a

10   response to those remaining allegations is required, Defendant denies those allegations on the

11   basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all

12   other factual allegations in paragraph 24 not expressly admitted here.

13                                    **STATEMENT OF FACTS**

14       25.    In answer to paragraph 25, Defendant lacks sufficient information and knowledge to

15   form an opinion as to the truth of any factual allegations and, on that basis, denies them.

16       26.    In answer to paragraph 26, Defendant lacks sufficient information and knowledge to

17   form an opinion as to the truth of any factual allegations and, on that basis, denies them.

18       27.    In answer to paragraph 27, Defendant lacks sufficient information and knowledge to

19   form an opinion as to the truth of any factual allegations and, on that basis, denies them.

20       28.    In answer to paragraph 28, Defendant lacks sufficient information and knowledge to

21   form an opinion as to the truth of any factual allegations and, on that basis, denies them.

22       29.    In answer to paragraph 29, Defendant lacks sufficient information and knowledge to

23   form an opinion as to the truth of any factual allegations and, on that basis, denies them.

24       30.    In answer to paragraph 30, Defendant admits that in 2017 Plaintiff applied for a

25   position with the OSC as an Associate Governmental Program Analyst (AGPA) in the

26   Payroll/Personnel Services Division.  Defendant admits that none of the position's job duties

27   required taking up arms.  Defendant lacks sufficient information and knowledge to form an

28   opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

1  31.  In answer to paragraph 31, Defendant admits that the job posting for the OSC AGPA

2  position stated: "The State of California is an equal opportunity employer to all, regardless of . . .

3  religious creed . . . ."  Defendant lacks sufficient information and knowledge to form an opinion

4  as to the truth of any remaining factual allegations, on that basis, denies them.

5  32.  In answer to paragraph 32, Defendant admits that based on her education and

6  experience, Plaintiff appeared to meet the "Minimum Qualifications" for the AGPA position she

7  applied for in 2017.  Defendant denies that Plaintiff met "all" qualifications for the OSC job

8  because she refused to sign the constitutional oath required by law for all state employees.

9  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any

10  remaining factual allegations and, on that basis, denies them.

11  33.  In answer to paragraph 33, Defendant admits that based on her education and

12  experience, Plaintiff appeared to meet the "Minimum Qualifications" for the AGPA position she

13  applied for in 2017.  Defendant admits that Debbie King was an OSC employee who

14  communicated the job offer to Plaintiff in July 2017 and would have been Plaintiff's direct

15  supervisor.  Defendant denies that Plaintiff met "all" qualifications for the OSC job because she

16  refused to sign the constitutional oath required by law for all state employees.  Defendant denies

17  all other factual allegations in paragraph 33 not expressly admitted here.

18  34.  In answer to paragraph 34, Defendant admits that Plaintiff accepted the job offer and

19  passed required criminal-record and background checks.  Defendant admits that Plaintiff's start

20  day was initially set for August 7, 2017.  Defendant denies that Plaintiff "fulfilled all job

21  qualifications" and "passed all pre-employment requirements" because she refused to sign the

22  constitutional oath required by law for all state employees.  Defendant denies all other factual

23  allegations in paragraph 34 not expressly admitted here.

24  35.  In answer to paragraph 35, Defendant admits that the OSC asked Plaintiff to sign the

25  constitutional oath required for all state employees.  Defendant denies all other factual allegations

26  in paragraph 35 not expressly admitted here.

27  36.  In answer to paragraph 36, Defendant lacks sufficient information and knowledge to

28  form an opinion as to the truth of any factual allegations and, on that basis, denies them.

9

37.     In answer to paragraph 37, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

38.     In answer to paragraph 38, Defendant admits that Plaintiff requested a waiver of the oath requirement for religious reasons.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

39.     In answer to paragraph 39, Defendant admits that Plaintiff stated she would sign the oath with an accompanying indication that her allegiance was first and foremost to God and that she would not take up arms.  Defendant denies all other factual allegations in paragraph 39 not expressly admitted here.

40.     In answer to paragraph 40, Defendant admits that Plaintiff offered a proposed addendum as follows: "I, Brianna Bolden-Hardge, vow to uphold the Constitutions of the United States and of the State of California while working in my role as an employee of the State Controller's Office. I will be honest and fair in my dealings and neither dishonor the Office by word nor deed.  By signing this oath, I understand that I shall not be required to bear arms, engage in violence, nor to participate in political or military affairs.  Additionally, I understand that I am not giving up my right to freely exercise my religion, nor am I denouncing my religion by accepting this position."

41.     In answer to paragraph 41, Defendant admits that the OSC pushed Plaintiff's start date back a week to review her request.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

42.     In answer to paragraph 42, Defendant admits that the OSC rescinded Plaintiff's job offer.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

43.     In answer to paragraph 43, Defendant admits that Christopher Norwood and Gerard Anderson were managers in the OSC's human-resources department.  Defendant lacks sufficient

information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

44.    In answer to paragraph 44, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

45.    In answer to paragraph 45, Defendant admits that the OSC's position was that the oath requirement could not be modified and her proposed addendum would constitute a modification.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

46.    In answer to paragraph 46, Defendant denies that the OSC failed to accommodate Plaintiff.  Defendant admits that the OSC's position was that the oath requirement could not be modified and her proposed addendum would constitute a modification.  Defendant denies all other factual allegations in paragraph 46 not expressly admitted here.

47.    In answer to paragraph 47, Defendant admits that the OSC rescinded Plaintiff's job offer.  Defendant denies all other factual allegations in paragraph 47 not expressly admitted here.

48.    In answer to paragraph 48, Defendant admits that the OSC rescinded Plaintiff's job offer.  Defendant denies all other factual allegations in paragraph 48 not expressly admitted here.

49.    In answer to paragraph 49, Defendant denies that they acted recklessly and with willful and deliberate indifference to Plaintiff's rights.  Defendant denies all other factual allegations in paragraph 49 not expressly admitted here.

50.    In answer to paragraph 50, Defendant denies that they continue to refuse to hire Plaintiff and that their actions constitute an ongoing violation of her rights.  Defendant denies all other factual allegations in paragraph 50 not expressly admitted here.

51.    In answer to paragraph 51, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

52.    In answer to paragraph 52, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

53.    In answer to paragraph 53, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

54.     In answer to paragraph 54, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

55.     In answer to paragraph 55, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

56.     In answer to paragraph 56, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

57.     In answer to paragraph 57, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

58.     In answer to paragraph 58, Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any factual allegations and, on that basis, denies them.

59.     In answer to paragraph 59, Defendant admits that the OSC is responsible for hiring its own civil-service employees.  Defendant denies all other factual allegations in paragraph 59 not expressly admitted here.

60.     In answer to paragraph 60, Defendant admits that the OSC employs more than 1,500 people from 2017 to the present.  Defendant denies all other factual allegations in paragraph 60 not expressly admitted here.

61.     In answer to paragraph 61, Defendant admits that the OSC is responsible for accountability and disbursement of the state's financial resources.  Defendant denies that the OSC has its own budget exceeding $200 million in the fiscal year 2017-2018.  Defendant denies all other factual allegations in paragraph 61 not expressly admitted here.

## FIRST CLAIM FOR RELIEF

### Title VII (Failure to Accommodate)

### Against OSC

62.     In answer to paragraph 62, Defendant incorporates her responses to paragraphs 1 through 61, inclusive, as set forth above.

63.     Paragraph 63 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 63 not expressly admitted here.

64.     Paragraph 64 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 64 not expressly admitted here.

65.     Paragraph 65 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 65 not expressly admitted here.

66.     Paragraph 66 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 66 not expressly admitted here.

67.     In answer to paragraph 67, Defendant admits that Plaintiff requested a waiver of the oath requirement for religious reasons.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

68.     In answer to paragraph 68, Defendant admits that the OSC rescinded its job offer to Plaintiff because she refused to sign the constitutional oath required by law for all state employees.  The balance of paragraph 68 contains allegations to which no response is required

because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 68 not expressly admitted here, including the allegation that defendants declined to hire Plaintiff "because of her religious need for an accommodation."

69.     Paragraph 69 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 69 not expressly admitted here.

70.     In answer to paragraph 70, Defendant denies that the OSC "made no efforts at all to accommodate" Plaintiff.  Defendant denies that the OSC rescinded its job offer because of her religious beliefs.  The balance of paragraph 70 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 70 not expressly admitted here.

71.     In answer to paragraph 71, Defendant denies that accommodating Plaintiff would not have imposed an undue hardship on the OSC.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

72.    In answer to paragraph 72, Defendant denies that the OSC rescinded its job offer because of her religious beliefs.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

73.    In answer to paragraph 73, Defendant denies that the OSC violated Title VII. Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

**SECOND CLAIM FOR RELIEF**

**Title VII (Disparate Impact)**

**Against OSC**

74.    In answer to paragraph 74, Defendant incorporates her responses to paragraphs 1 through 73, inclusive, as set forth above.

75.    In answer to paragraph 75, Defendant admits that the constitutional oath is a requirement for all state employees.  Defendant denies that the OSC failed to accommodate Plaintiff.  The balance of paragraph 75 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 75 not expressly admitted here.

76.    Paragraph 76 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content. Defendant denies all other factual allegations in paragraph 76 not expressly admitted here.

77.    Paragraph 77 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of

1   Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

2   extent that a response to those remaining allegations is required, Defendant denies those

3   allegations on the basis that the law speaks for itself and is the best evidence of its content.

4   Defendant denies all other factual allegations in paragraph 77 not expressly admitted here.

5        78.   In answer to paragraph 78, Defendant admits that the constitutional oath is a

6   requirement for all state employees.  Defendant denies that the OSC forced Plaintiff to abandon

7   her religious beliefs or forgo employment with the state.  Defendant lacks sufficient information

8   and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that

9   basis, denies them.

10        79.   In answer to paragraph 79, Defendant denies that the constitutional oath is neither

11   required for the job Plaintiff applied for nor consistent with business necessity.  Defendant admits

12   that the OSC's position was that the oath requirement could not be modified and that Plaintiff's

13   proposed addendum would constitute a modification.  Defendant denies that Plaintiff's proposed

14   addendum was a "less-restrictive but feasible option."  Defendant lacks sufficient information and

15   knowledge to form an opinion as to the truth of any remaining factual allegations and, on that

16   basis, denies them.

17        80.   In answer to paragraph 80, Defendant denies that the OSC violated Title VII.

18   Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any

19   remaining factual allegations and, on that basis, denies them.

20   **THIRD CLAIM FOR RELIEF**

21   **FEHA (Failure to Accommodate)**

22   **Against OSC**

23        81.   In answer to paragraph 81, Defendant incorporates her responses to paragraphs 1

24   through 80, inclusive, as set forth above.

25        82.   Paragraph 82 contains allegations to which no response is required because the

26   allegations purport to be statements, summaries, or conclusions of law; or characterizations of

27   Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

28   extent that a response to those remaining allegations is required, Defendant denies those

16

1    allegations on the basis that the law speaks for itself and is the best evidence of its content.

2    Defendant denies all other factual allegations in paragraph 82 not expressly admitted here.

3        83.    Paragraph 83 contains allegations to which no response is required because the

4    allegations purport to be statements, summaries, or conclusions of law; or characterizations of

5    Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

6    extent that a response to those remaining allegations is required, Defendant denies those

7    allegations on the basis that the law speaks for itself and is the best evidence of its content.

8    Defendant denies all other factual allegations in paragraph 83 not expressly admitted here.

9        84.    In answer to paragraph 84, Defendant admits that Plaintiff applied for and was

10    offered a job with the OSC.  Defendant admits that Plaintiff requested a waiver of the oath

11    requirement for religious reasons.  Defendant admits that the OSC rescinded its job offer to

12    Plaintiff because she refused to sign the constitutional oath required by law for all state

13    employees.  Defendant denies that the OSC "failed to explore or adopt available reasonable

14    alternatives."  Defendant denies that the OSC rescinded its job offer "to avoid having to

15    accommodate her religious beliefs."  Defendant denies all other factual allegations in paragraph

16    84 not expressly admitted here.

17        85.    Paragraph 85 contains allegations to which no response is required because the

18    allegations purport to be statements, summaries, or conclusions of law; or characterizations of

19    Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

20    extent that a response to those remaining allegations is required, Defendant denies those

21    allegations on the basis that the law speaks for itself and is the best evidence of its content.

22    Defendant denies all other factual allegations in paragraph 85 not expressly admitted here.

23        86.    In answer to paragraph 86, Defendant denies that accommodating Plaintiff would not

24    have imposed an undue hardship on the OSC.  Defendant lacks sufficient information and

25    knowledge to form an opinion as to the truth of any remaining factual allegations and, on that

26    basis, denies them.

27        87.    In answer to paragraph 87, Defendant denies that the OSC rescinded its job offer

28    based on Plaintiff's religious beliefs.  The balance of paragraph 87 contains allegations to which

no response is required because the allegations purport to be statements, summaries, or

conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements,

summaries, or conclusions of law.  To the extent that a response to those remaining allegations is

required, Defendant denies those allegations on the basis that the law speaks for itself and is the

best evidence of its content.  Defendant denies all other factual allegations in paragraph 87 not

expressly admitted here.

88.   In answer to paragraph 88, Defendant denies that the OSC violated FEHA.

Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any

remaining factual allegations and, on that basis, denies them.

**FOURTH CLAIM FOR RELIEF**

**First Amendment to the U.S. Constitution via 42 U.S.C. § 1983**

**Against All Defendants**

89.   In answer to paragraph 89, Defendant incorporates her responses to paragraphs 1

through 88, inclusive, as set forth above.

90.   Paragraph 90 contains allegations to which no response is required because the

allegations purport to be statements, summaries, or conclusions of law; or characterizations of

Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

extent that a response to those remaining allegations is required, Defendant denies those

allegations on the basis that the law speaks for itself and is the best evidence of its content.

Defendant denies all other factual allegations in paragraph 90 not expressly admitted here.

91.   Paragraph 91 contains allegations to which no response is required because the

allegations purport to be statements, summaries, or conclusions of law; or characterizations of

Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

extent that a response to those remaining allegations is required, Defendant denies those

allegations on the basis that the law speaks for itself and is the best evidence of its content.

Defendant denies all other factual allegations in paragraph 91 not expressly admitted here.

92.   Paragraph 92 contains allegations to which no response is required because the

allegations purport to be statements, summaries, or conclusions of law; or characterizations of

1    Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

2    extent that a response to those remaining allegations is required, Defendant denies those

3    allegations on the basis that the law speaks for itself and is the best evidence of its content.

4    Defendant denies all other factual allegations in paragraph 92 not expressly admitted here.

5           93.    In answer to paragraph 93, Defendant denies that the OSC forced Plaintiff into an

6    impermissible choice to obtain employment only by violating her religious beliefs.  The balance

7    of paragraph 93 contains allegations to which no response is required because the allegations

8    purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's

9    legal contentions based on those statements, summaries, or conclusions of law.  To the extent that

10   a response to those remaining allegations is required, Defendant denies those allegations on the

11   basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all

12   other factual allegations in paragraph 93 not expressly admitted here.

13          94.    In answer to paragraph 94, Defendant lacks sufficient information and knowledge to

14   form an opinion as to the truth of any factual allegations and, on that basis, denies them.  The

15   balance of paragraph 94 contains allegations to which no response is required because the

16   allegations purport to be statements, summaries, or conclusions of law; or characterizations of

17   Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

18   extent that a response to those remaining allegations is required, Defendant denies those

19   allegations on the basis that the law speaks for itself and is the best evidence of its content.

20   Defendant denies all other factual allegations in paragraph 94 not expressly admitted here.

21          95.    In answer to paragraph 95, Defendant denies that the OSC infringed on Plaintiff's

22   rights of free exercise of religious and free speech.  The balance of paragraph 95 contains

23   allegations to which no response is required because the allegations purport to be statements,

24   summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on

25   those statements, summaries, or conclusions of law.  To the extent that a response to those

26   remaining allegations is required, Defendant denies those allegations on the basis that the law

27   speaks for itself and is the best evidence of its content.  Defendant denies all other factual

28   allegations in paragraph 95 not expressly admitted here.

96.     In answer to paragraph 96, Defendant denies that the OSC forced Plaintiff affirm a loyalty oath that infringes on her religious and speech rights.  The balance of paragraph 96 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 96 not expressly admitted here.

97.     Paragraph 97 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 97 not expressly admitted here.

98.     In answer to paragraph 98, Defendant denies that the constitutional oath forces Plaintiff to affirmatively declare that she owes primary and arms-bearing allegiance to the state.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

99.     In answer to paragraph 99, Defendant denies that the OSC refused to provide Plaintiff a religious accommodation.  Defendant denies that the oath requirement does not serve a compelling state interest.  Defendant denies that the oath requirement restricts religious exercise.  The balance of paragraph 99 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all other factual allegations in paragraph 99 not expressly admitted here.

100.   In answer to paragraph 100, Defendant denies that she violated the First Amendment. Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

**FIFTH CLAIM FOR RELIEF**

**California Constitution art. I, § 4**

**Against All Defendants**

101.   In answer to paragraph 101, Defendant incorporates her responses to paragraphs 1 through 100, inclusive, as set forth above.

102.   Paragraph 102 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content. Defendant denies all other factual allegations in paragraph 102 not expressly admitted here.

103.   Paragraph 103 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content. Defendant denies all other factual allegations in paragraph 103 not expressly admitted here.

104.   Paragraph 104 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the extent that a response to those remaining allegations is required, Defendant denies those allegations on the basis that the law speaks for itself and is the best evidence of its content. Defendant denies all other factual allegations in paragraph 104 not expressly admitted here.

105.   Paragraph 105 contains allegations to which no response is required because the allegations purport to be statements, summaries, or conclusions of law; or characterizations of

21

1   Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

2   extent that a response to those remaining allegations is required, Defendant denies those

3   allegations on the basis that the law speaks for itself and is the best evidence of its content.

4   Defendant denies all other factual allegations in paragraph 105 not expressly admitted here.

5        106.   In answer to paragraph 106, Defendant admits that the OSC rescinded its job offer.

6   Defendant denies that the rescission caused a burden on the free exercise of religion without a

7   compelling interest.  Defendant denies that the OSC could have accepted Plaintiff's proposed

8   addendum.  Defendant denies that the OSC discriminated between religions.  The balance of

9   paragraph 106 contains allegations to which no response is required because the allegations

10  purport to be statements, summaries, or conclusions of law; or characterizations of Plaintiff's

11  legal contentions based on those statements, summaries, or conclusions of law.  To the extent that

12  a response to those remaining allegations is required, Defendant denies those allegations on the

13  basis that the law speaks for itself and is the best evidence of its content.  Defendant denies all

14  other factual allegations in paragraph 106 not expressly admitted here.

15       107.   In answer to paragraph 107, Defendant denies that she violated Plaintiff's

16  constitutional rights under the California Constitution.  Defendant lacks sufficient information

17  and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that

18  basis, denies them.

19       108.   Paragraph 108 contains allegations to which no response is required because the

20  allegations purport to be statements, summaries, or conclusions of law; or characterizations of

21  Plaintiff's legal contentions based on those statements, summaries, or conclusions of law.  To the

22  extent that a response to those remaining allegations is required, Defendant denies those

23  allegations on the basis that the law speaks for itself and is the best evidence of its content.

24  Defendant denies all other factual allegations in paragraph 108 not expressly admitted here.

25       109.   In answer to paragraph 109, Defendant admits that the constitutional oath is a

26  requirement for all state employees.  Defendant denies that she disqualified Plaintiff for public

27  employment because of her religious beliefs.  Defendant denies all other factual allegations in

28  paragraph 109 not expressly admitted here.

Defendant Yee's Answer to Plaintiff's First Amended Complaint (2:20-cv-02081)

110.   In answer to paragraph 110, Defendant denies that she violated the California Constitution.  Defendant lacks sufficient information and knowledge to form an opinion as to the truth of any remaining factual allegations and, on that basis, denies them.

111.   In answer to paragraph 111, Defendant denies that her acts and/or omissions in any way violated Plaintiff's rights or caused harm to Plaintiff.

112.   In answer to paragraph 112, Defendant denies that her acts and/or omissions in any way violated Plaintiff's rights or caused harm to Plaintiff

### PRAYERS FOR RELIEF

In the remaining allegations in the FAC, Plaintiff sets forth her prayers for relief to which no response is required.  To the extent that a response is required, Defendant denies these allegations.  Specifically, Defendant denies that any of the request relief would redress the harm caused to Plaintiff.

### AFFIRMATIVE DEFENSES

1.    Plaintiff's claims, separately and conjunctively, are barred against Defendant based on lack of standing.

2.    Plaintiff's claims, separately and conjunctively, are barred against Defendant based on lack of subject-matter jurisdiction.

3.    Plaintiff's claims, separately and conjunctively, are barred against Defendant based on the failure to state sufficient facts to sustain a cause of action.

4.    Plaintiff's claims, separately and conjunctively, are barred against Defendant based on Plaintiff's failure to state a claim upon which relief can be granted.

5.    Plaintiff's claims, separately and conjunctively, are barred against Defendant based on the doctrine of laches.

6.    Plaintiff's claims, separately and conjunctively, are barred against Defendant based on the doctrine of unclean hands.

7.    Plaintiff's claims, separately and conjunctively, are barred against Defendant because Plaintiff's claims are not ripe and do not present an actual, present, and justiciable controversy.

8.    Venue does not lie in this Court.

1      9.    Plaintiff's claims, separately and conjunctively, are barred against Defendant because

2 Plaintiff failed to exhaust appropriate administrative remedies under Title VII, the FEHA, and the

3 Government Claims Act.

4      10.    Plaintiff's claims, separately and conjunctively, are barred against Defendant to the

5 extent that Plaintiff seeks to enlarge upon the alleged acts and omissions stated in the

6 administrative claims filed with the California Civil Rights Department (formerly the Department

7 of Fair Employment and Housing), the EEOC, and the California Government Claims Program in

8 the Department of General Services.

9      11.    Plaintiff's claims, separately and conjunctively, are barred by the Eleventh

10 Amendment to the United States Constitution. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44,

11 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-102 (1984)

12      12.    Plaintiff's claims, separately and conjunctively, are barred because Plaintiff has no

13 cause of action directly under the United States Constitution.

14      13.    Plaintiff's claims, separately and conjunctively, are barred because the state, state

15 agencies, and state officials sued in their official capacities for damages are not "persons" within

16 the meaning of § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 64-66 (1989);

17 *Mackey v. Board of Trustees of Calif. State Univ.,* 31 Cal.App.5th 640, 654 (2019).

18      14.    Plaintiff's claims, separately and conjunctively, are barred by Defendant's immunity

19 from liability under the law, including but not limited to, California Government Code sections

20 815, 815.2(b), 815.3, 818, 818.2, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.6, 822.2, and

21 950.2, the principles set forth by *Yee v. Superior Court* (2019) 31, Cal.App.5th 26, 40, California

22 Civil Code section 47, and by common law immunities and privileges.

23      15.    Plaintiff's claims, separately and conjunctively, are barred because at all relevant

24 times Defendant's actions were taken in good faith and were a lawful and legitimate exercise of

25 official discretion and managerial discretion based on a rational, reasonable consideration of

26 facts, with due care and without malice, under applicable policies, procedures, regulations, and

27 laws, and were motived by legitimate, nondiscriminatory reasons.

28

16.     Plaintiff's claims, separately and conjunctively, are barred by the applicable statute of limitations, including but not limited to, 42 U.S.C. § 2000e-5(f)(1), sections 12960 and 12965 of the California Government Code, and sections 335.1 and 342 of the California Code of Civil Procedure.

17.     Plaintiff's claims, separately and conjunctively, are barred under the doctrine of after-acquired evidence.

18.     Plaintiff's claims, separately and conjunctively, are barred part because Defendant's actions were job-related and consistent with a business necessity.

19.     Plaintiff's claims, separately and conjunctively, are barred because Defendant's actions were based on a bona fide occupational qualification (BFOQ).

20.     Plaintiff's claims, separately and conjunctively, are barred because Defendant's actions were based on a bona fide merit system.

21.     Plaintiff's claims, separately and conjunctively, are barred because Defendant's actions were required by law.

22.     Plaintiff's claims, separately and conjunctively, are barred in because accommodating Plaintiff would have imposed an undue hardship on Defendant.

23.     Plaintiff's claims, separately and conjunctively, are barred because Plaintiff unreasonably failed to take advantage of any preventative or corrective measures provided by defendants or to otherwise avoid the alleged harm.

24.     Plaintiff's claims for damages, separately and conjunctively, are barred to the extent that she failed to mitigate her damages, if any, and/or because her damages are speculative.

25.     If Plaintiff is entitled to any recovery, such recovery must be reduced under the doctrine of comparative fault.

26.     Plaintiff's claims for damages, separately and conjunctively, are barred by the doctrines of estoppel and waiver.

27.     Plaintiff's claims, separately and conjunctively, are barred by the doctrine of judicial estoppel.

28. To the extent Plaintiff has previously raised any of the claims contained in the FAC in a judicial or quasi-judicial forum, and such issues were adjudicated, these claims are now barred by res judicata and/or collateral estoppel.

29. Plaintiff's claims, separately and conjunctively, are barred because Plaintiff, by her conduct, omissions, and statements, consented to the conduct alleged in the FAC.

30. Plaintiff's claims for damages, separately and conjunctively, are barred because her damages were not caused by any acts or omissions of Defendant or her agents, but rather by Plaintiff's breach of her duty as a prospective OSC employee.

31. If any wrongful activity occurred, or if Plaintiff suffered any injury or damages, it was caused by other parties or persons over whom Defendant has no control.

32. Plaintiff's claims, separately and conjunctively, are barred against Defendant because Plaintiff has failed to join necessary and indispensable parties.

33. Plaintiff's claims for damages, separately and conjunctively, are barred because alleged violations of the California Constitution do not support claims for monetary damages in the absence of a statutory provision or an established common law tort authorizing damages. *Katzberg v. Regents of Univ. of Calif.,* 29 Cal.4th 300, 307, 317 (2002).

34. The FAC, and each cause of action alleged therein, for equitable relief is barred because Plaintiff has an adequate remedy at law and there is no danger of irreparable harm

35. The FAC, and each cause of action alleged therein, for equitable relief is barred by the doctrine of impossibility.

36. The FAC, and each cause of action alleged therein, for equitable relief is barred because the changes to the oath requirement demanded by the FAC are not readily achievable.

37. The relief demanded by Plaintiff in the FAC would impose an undue burden on Defendant.

38. Defendant is entitled to qualified immunity because Defendant did not violate any clearly established constitutional or statutory rights that a reasonable person was likely to have known.

39.     Defendant reserves the right to amend this answer to assert additional defenses and/or supplement, alter, and/or change this answer as may be warranted by the revelation of information during discovery and investigation.

### JURY DEMAND

Defendant hereby demands trial by jury.

### DEFENDANT'S PRAYER FOR RELIEF

Accordingly, Defendant prays that:

1.     No injunctive or declaratory relief be issued;

2.     Plaintiff takes nothing by the FAC;

3.     Judgment be entered in favor of Defendant and against Plaintiff;

4.     Plaintiff not be awarded costs of suit and/or attorney fees;

5.     Plaintiff not be awarded any statutory fees;

6.     Defendant be awarded costs of suit and their attorneys' fees incurred herein; and/or

7.     Defendant be awarded such other and further relief as may be just and proper.

Dated:  September 5, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California

KELSEY LINNETT
Supervising Deputy Attorney General
*Attorneys for Office of the California State Controller, Malia Cohen, Betty Yee, and Gerard Anderson*

OK2020900414