1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT FOR THE**

9                     **EASTERN DISTRICT OF CALIFORNIA**

10

11  BRIANNA BOLDEN-HARDGE,              **PRETRIAL SCHEDULING ORDER**

12      Plaintiff,

13  v.                                  Case No.: 2:20-cv-02081-JAM-DB
    OFFICE OF THE CALIFORNIA
14  STATE CONTROLLER, ET AL.,

15      Defendants.

16

17

18       After review of the Joint Status Report, the court makes the

19  following order:

20

21                          **SERVICE OF PROCESS**

22       All parties defendant to this lawsuit have been served and

23  no further service will be permitted except with leave of court,

24  good cause having been shown.

25

26

27

28

1

**JOINDER OF ADDITIONAL PARTIES/AMENDMENTS**

2      No further joinder of parties or amendments to pleadings is

3   permitted except with leave of court, good cause having been

4   shown.

5

**JURISDICTION AND VENUE**

6      Jurisdiction and venue are not contested.

7

8

**FICTITIOUSLY-NAMED DEFENDANTS**

9      This action, including any counterclaims, cross-claims, and

10   third party complaints is hereby DISMISSED as to all DOE or other

11   fictitiously-named defendants.

12

13

**MOTION HEARINGS SCHEDULES**

14      All dispositive motions shall be filed by **04/04/2025.**

15   Hearing on such motions shall be on **06/17/2025 at 1:00 PM.**[1]

16

17   **The parties are reminded of the notice requirements as outlined**

18   **in Local Rule 230(b).**

19

20      The time deadline for dispositive motions does not apply to

21   motions for continuances, temporary restraining orders or other

22   emergency applications.

23      All purely legal issues are to be resolved by timely

24   pretrial motions.  The parties are reminded that motions in

25   limine are procedural devices designed to address the

26   admissibility of evidence and are cautioned that the court will

27   _____

28   [1] Calendars are subject to last minute changes. Contact the Courtroom Deputy
for available dates.

2

1  look with disfavor upon substantive motions presented at the

2  final pretrial conference or at trial in the guise of motions in

3  limine.  The parties are further cautioned that if any legal

4  issue which should have been tendered to the court by proper

5  pretrial motion requires resolution by the court after the

6  established law and motion cut-off date, substantial sanctions

7  may be assessed for the failure to file the appropriate pretrial

8  motion.

9

10                     **MEET AND CONFER REQUIREMENT**

11       In any case where the parties are represented by counsel,

12  counsel contemplating the filing of any motion, except (1) those

13  in connection with discovery motions (which are governed by Local

14  Rule 251(b)); (2) applications for temporary restraining orders

15  or preliminary injunctions; or (3) motions made in prisoner

16  actions (which are governed by Local Rule 230(l)), shall first

17  contact opposing counsel to discuss thoroughly, *preferably in*

18  *person*, the substance of the contemplated motion and any

19  potential resolution.

20       If the proposed motion must be filed within a specified

21  period of time under the Federal Rules of Civil Procedure (*e.g.*,

22  a motion to dismiss pursuant to F.R.Cv.P. 12(b), or a new trial

23  motion pursuant to F.R.Cv.P. 59(a)), then this conference shall

24  take place at least five (5) days prior to the last day for

25  filing the motion; otherwise, the conference shall take place at

26  least ten (10) days prior to the filing of the motion.

27       If the parties are unable to reach a resolution which

28  eliminates the necessity for a hearing, counsel for the moving

1  party shall include in the notice of motion the following

2  statement:

3

4      **"This motion is made following the conference of counsel**

5      **pursuant to the Court's standing order which took place on**

6      **[date of conference]."**

7      The purpose of the meet and confer process is to: (1)

8  determine whether the respondent agrees that the motion has merit

9  in whole or in part; (2) discuss whether issues can be resolved

10 without the necessity of briefing; (3) narrow the issues for

11 review by the Court; and (4) explore the possibility of

12 settlement before the parties incur the expense of briefing a

13 motion.

14     Failure to comply with the meet and confer requirement will

15 result in the dismissal, without prejudice, of the offending

16 party's motion.

17     Unless prior permission has been granted, memoranda of law

18 in support of and in opposition to motions under F.R.Cv.P. 56 and

19 65 and any post-judgment or post-trial motions are limited to

20 twenty-five (25) pages, and reply memoranda are limited to ten

21 (10) pages. Memoranda of law in support of and in opposition to

22 all other motions are limited to fifteen (15) pages, and reply

23 memoranda are limited to five (5) pages. The parties are also

24 cautioned against filing multiple briefs to circumvent this rule.

25     A violation of this Order will result in monetary sanctions

26 being imposed against counsel in the amount of $50.00 per page

27 and the Court will not consider any arguments made past the page

28 limit.

1    Documentary evidence submitted in support of or in

2  opposition to a motion must be separately bound or placed in a

3  binder, and exhibits must be separated with labeled tabs that

4  extend beyond the edge of the page. An Index of exhibits must

5  also be included.

6    At least 28 days before the dispositive motions filing

7  deadline, the parties must meet and confer to determine whether

8  they intend to file cross motions for summary judgment.  If the

9  parties do intend to file cross motions, the plaintiff must file

10  the opening brief for summary judgment at least 14 days before

11  the dispositive motions filing deadline.  The plaintiff's

12  concurrently-filed notice of motion shall indicate the parties'

13  intention to file cross motions and shall notice a hearing date

14  at least 42 days from the date of filing.  The briefing schedule

15  will be as follows.  Only four briefs shall be filed:

16

17    (1) Plaintiff's opening brief (25 pages maximum), along with

18      any other documents required or permitted under Local Rule

19      260, shall be filed at least 14 days before the dispositive

20      motions filing deadline;

21    (2) Defendant's opposition and cross motion for summary

22      judgment (35 pages maximum) shall be filed at least 28 days

23      before the hearing;

24    (3) Plaintiff's reply and opposition (20 pages maximum)

25      shall be filed at least 14 days before the hearing;

26    (4) Defendant's reply (10 pages maximum) shall be filed at

27      least 7 days before the hearing.

28

1     These are the only four briefs that may be filed, even if

2  the parties move for summary judgment on more than one complaint

3  (e.g., motions on a complaint and a counterclaim).  The parties

4  must obtain permission from the Court to exceed the stated page

5  limitations.  The parties are reminded that they may not file a

6  reply to a Response of the Statement of Undisputed Facts.

7  Parties are advised to carefully read Local Rule 260, which

8  permits an opposing party to file only (1) a Statement of

9  Disputed Facts and (2) a Response to the Statement of Undisputed

10  Facts (with the moving party's Statement of Undisputed Facts

11  reproduced and then admitted or denied, with citations).  If the

12  parties do not comply with this procedure and schedule for filing

13  cross motions for summary judgment, but nonetheless file cross

14  motions, the Court will deny both motions without prejudice and

15  may impose sanctions.

16

17                  **DISCOVERY**

18     All discovery shall be completed by **12/20/2024**.  In this

19  context, "completed" means that all discovery shall have been

20  conducted so that all depositions have been taken and any

21  disputes relative to discovery shall have been resolved by

22  appropriate order if necessary and, where discovery has been

23  ordered, the order has been complied with.

24

25           **DISCLOSURE OF EXPERT WITNESSES**

26     The parties shall make expert witness disclosures under

27  F.R.Cv.P. 26(a)(2) by **10/25/2024**.  Supplemental disclosure and

28

1  disclosure of any rebuttal experts under F.R.Cv.P. 26(a)(2)(c)

2  shall be made by **11/08/2024.**

3      Failure of a party to comply with the disclosure schedule as

4  set forth above in all likelihood will preclude that party from

5  calling the expert witness at the time of trial absent a showing

6  that the necessity for the witness could not have been reasonably

7  anticipated at the time the disclosures were ordered and that the

8  failure to make timely disclosure did not prejudice any other

9  party.  See F.R.Cv.P. 37(c).

10     All experts designated are to be fully prepared at the time

11  of designation to render an informed opinion, and give their

12  reasons therefore, so that they will be able to give full and

13  complete testimony at any deposition taken by the opposing

14  parties.  Experts will not be permitted to testify at the trial

15  as to any information gathered or evaluated, or opinion formed,

16  after deposition taken subsequent to designation.

17

18              **JOINT MID-LITIGATION STATEMENTS**

19     Not later than fourteen (14) days prior to the close of

20  discovery, the parties shall file with the court a brief joint

21  statement summarizing all law and motion practice heard by the

22  court as of the date of the filing of the statement, whether the

23  court has disposed of the motion at the time the statement is

24  filed and served, and the likelihood that any further motions

25  will be noticed prior to the close of law and motion.  The filing

26  of this statement shall not relieve the parties or counsel of

27  their obligation to timely notice all appropriate motions as set

28  forth above.

1

2                    **FINAL PRETRIAL CONFERENCE**

3        The final pretrial conference is set for **10/31/2025, at**

4  **10:00 AM.**   In each instance an attorney who will try the case for

5  a given party shall attend the final pretrial conference on

6  behalf of that party; provided, however, that if by reason of

7  illness or other unavoidable circumstance the trial attorney is

8  unable to attend, the attorney who attends in place of the trial

9  attorney shall have equal familiarity with the case and equal

10  authorization to make commitments on behalf of the client.

11        The parties shall file with the court, no later than seven

12  days prior to the final pretrial conference, a joint pretrial

13  statement.

14        ***Also, at the time of filing the Joint Pretrial Statement,***

15  ***counsel are requested to e-mail the Joint Pretrial Statement and***

16  ***any attachments in Word format to Judge Mendez' assistant, Jane***

17  ***Hayes at: jhayes@caed.uscourts.gov.***

18        Where the parties are unable to agree as to what legal or

19  factual issues are properly before the court for trial, they

20  should nevertheless list all issues asserted by any of the

21  parties and specifically identifying the disputes concerning such

22  issues.   The provisions of Local Rule 281 shall, however, apply

23  with respect to the matters to be included in the joint pretrial

24  statement.   Failure to comply with Local Rule 281, as modified

25  herein, may be grounds for sanctions.

26        The parties are reminded that pursuant to Local Rule

27  281(b)(10) and (11) they are required to list in the final

28  pretrial statement all witnesses and exhibits they propose to

                                    8

1  offer at trial, no matter for what purpose.  These lists shall

2  not be contained in the body of the final pretrial statement

3  itself but shall be attached as separate documents so that the

4  court may attach them as an addendum to the final pretrial order.

5  The final pretrial order will contain a stringent standard for

6  the offering at trial of witnesses and exhibits not listed in the

7  final pretrial order, and the parties are cautioned that the

8  standard will be strictly applied.  On the other hand, the

9  listing of exhibits or witnesses that a party does not intend to

10  offer will be viewed as an abuse of the court's processes.

11      The parties are also reminded that pursuant to F.R.Cv.P. 16,

12  it will be their duty at the final pretrial conference to aid the

13  court in: (a) formulation and simplification of issues and the

14  elimination of frivolous claims or defenses; (b) settling of

15  facts which should properly be admitted; and (c) the avoidance of

16  unnecessary proof and cumulative evidence.  Counsel must

17  cooperatively prepare the joint pretrial statement and

18  participate in good faith at the final pretrial conference with

19  these aims in mind.  A failure to do so may result in the

20  imposition of sanctions which may include monetary sanctions,

21  orders precluding proof, elimination of claims or defenses, or

22  such other sanctions as the court deems appropriate.

23

24                          **TRIAL SETTING**

25      Jury trial in this matter is set for **03/16/2026, at 9:00**

26  **AM.**  The parties did not provide an estimate of the amount of

27  time that will be needed to complete the trial.

28

1

### SETTLEMENT CONFERENCE

No Settlement Conference is currently scheduled.  If the parties wish to have a settlement conference, one will be scheduled at the final pretrial conference or at an earlier time upon request of the parties.

### OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.


Dated: February 20, 2024      /s/ John A. Mendez
_____
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

10