ROB BONTA, State Bar No. 202668
Attorney General of California
KELSEY LINNETT, State Bar No. 274547
Supervising Deputy Attorney General
JOHN T. MCGLOTHLIN, State Bar No. 205844
Deputy Attorney General
VINCENT CHENG, STATE BAR NO. 230827
Deputy Attorney General
State Bar No. 230827
  1515 Clay Street, 20th Floor
  P.O. Box 70550
  Oakland, CA  94612-0550
  Telephone:  (510) 879-0009
  Fax:  (510) 622-2270
  E-mail:  vincent.cheng@doj.ca.gov
*Attorneys for Defendants Office of the California
State Controller, Malia M. Cohen, Betty T. Yee, and
Gerard Anderson*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRIANNA BOLDEN-HARDGE,** | 2:20-cv-02081-JAM-SCR |
| Plaintiff, | **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF** |
| v. | |
| **OFFICE OF THE CALIFORNIA STATE CONTROLLER, et. al.,** | |
| Defendants. | Trial Date:  March 16, 2026<br>Action Filed:  October 19, 2020 |

## INTRODUCTION

This motion requests a modest, seventeen-day, extension of the time to complete rebuttal expert disclosures. The motion is opposed by Plaintiff Brianna Bolden-Hardge ("Plaintiff").

At issue in this case are Plaintiff's claims that Defendants, the Office of the California State Controller, Malia M. Cohen, Betty T. Yee, and Gerard Anderson (collectively "Defendants") failed to accommodate Plaintiff's religious beliefs by requiring Plaintiff to affirm an oath as a

1

condition of public employment. Defendants have retained an expert on constitutional law and religion, Dr. Philip Munoz, the Tocqueville Professor of Political Science and Concurrent Professor of Law at the University of Notre Dame. Dr. Munoz is expected to provide a rebuttal to the expert opinions of Dr. Paul Finkelman, who prepared a thirty-eight-page declaration relating to the history of oaths and their relationship to religion. However, the time for rebuttal under the Pretrial Scheduling Order (PSO) provides fourteen days, insufficient time for Dr. Munoz to properly respond to Dr. Finkelman's lengthy opinions.

Defendants respectfully request an extension to November 25, 2024, thirty days from the initial disclosure on October 25, 2024. Plaintiff's position is that Plaintiff does not agree to this extension based on Plaintiff counsels' calendars, the close of the school quarter for the clinic (Plaintiff is represented, in part, by the Stanford Law School Religious Liberty Clinic, as well as private counsel), and the matters at issue. Because allowing this additional time will serve the interests of justice by providing Dr. Munoz reasonable time to respond, and thus provide a full exchange of expert opinion on these issues, while avoiding any actual prejudice to Plaintiff, Defendants respectfully request that the Court grant this motion.

## PROCEDURAL BACKGROUND

Plaintiff is a Jehovah's Witness who believes that her faith forbids her from swearing primary allegiance to any human government and forbids swearing to engage in political or military activity. (ECF No. 29, p. 5.) In 2017, Appellant applied for a job with the State Controller and received an offer. (Id., p. 6.) As a precondition, Plaintiff was required to sign the state's constitutional oath. (Id.) California law requires public employees, including state employees, to swear or affirm this oath verbatim. Cal. Const. art. XX, § 3; Cal. Gov. Code §§ 18150, 18151. Plaintiff proposed to sign with an addendum expressing her own views on what she affirmed, which Defendants understood to be a modification, not in conformance with applicable law, and therefore Defendants rescinded the offer of employment. (ECF No. 29, p. 7.)

Plaintiff asserts causes of action for (1) Violation of Title VII – Disparate Treatment/Failure to Accommodate, (2) Violation of Title VII – Disparate Impact, (3) Violation of the California Fair Employment and Housing Act ("FEHA"), (4) Violation of the First Amendment of the U.S.

2

1 | Constitution, and (5) Violation of Article I of the California Constitution. (ECF No. 29.) The
2 | Court issued a Pretrial Scheduling Order, providing for expert designations on October 25, 2024,
3 | followed by supplemental/rebuttal experts on November 8, 2024. (ECF No. 39, pp. 6-7.)

On October 25, 2024, Plaintiff designated as retained experts Paul Finkelman, Ph.D, a "Law and History expert regarding the history of oaths in the United States, the history and law of religious conflicts with oath requirements, the history of the California loyalty oath, as well as several other areas related to oath requirements and religious accommodations," and Matthew Schmalz, Ph.D., an expert in Jehova's Witness religious beliefs. (Declaration of John T. McGlothlin in Support of Motion for Administrative Relief ("McGlothlin Decl."), ¶ 2.)

Plaintiff provided a thirty-eight-page declaration from Dr. Finkelman regarding his opinions in this case, which include: the history of oaths in the United States, the historical relationships between oaths and religious beliefs, the content and intent of various oaths utilized in California and other states, and constitutional provisions relating to religious liberty and government entities. (McGlothlin Decl., ¶ 3, Exh. A.)

Dr. Munoz, a scholar in religious liberty and constitutional issues, has agreed to serve as a rebuttal expert and address Dr. Finkelman's opinions. (McGlothlin Decl., ¶¶ 4-5, Exh. B.) However, Dr. Munoz requires more time than that allowed under the Pretrial Scheduling Order, which only allows fourteen days. (Id., at ¶ 5.) Plaintiff's position is that Plaintiff does not agree to this extension based on Plaintiff counsels' calendars, the close of the school quarter for the clinic (Plaintiff is represented, in part, by the Stanford Law School Religious Liberty Clinic, as well as private counsel), and the matters at issue. (Id., at ¶ 6, Exh. C.)

## DISCUSSION

### I.   APPLICABLE LEGAL STANDARD

A party may seek to modify a case management schedule upon a showing of good cause and by leave of the district judge. Fed. R. Civ. P. 16(b). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975

3

Defs.' Mt. for Administrative Relief (2:20-cv-02081-JAM-SCR)

F.2d 604, 609 (9th Cir. 1992). The party moving for an amendment should demonstrate that the deadlines set in the scheduling order have become unworkable despite the party's diligent efforts to comply with the schedule and that the party has been diligent in seeking amendment when an extension became necessary. Perkins v. Contra Costa County Sheriff's Dep't J-Team, No. C 07-02013 CW, 2010 U.S. Dist. LEXIS 11140, 2010 WL 539260, at *2 (N.D. Cal. Feb. 9, 2010) (citing Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)).

## II.     GOOD CAUSE SUPPORTS A REASONABLE EXTENSION

Here, Plaintiff designated two experts on October 25, 2024, Dr. Paul Finkelman and Dr. Matthew Schmalz, academic experts on the legal history of oaths and their relation to religious beliefs, and religion. (McGlothlin Decl., ¶ 2.) The designation comprises 203 pages. (Id.) Dr. Finkelman's declaration itself comprises thirty-eight-pages, not including exhibits. (McGlothlin Decl., ¶ 3, Exh. A.) Dr. Finkelman is a professor of history and law, with an extensive body of writings and has held academic positions at numerous universities. (Id.)

Upon receiving Plaintiff's designation, Defendants promptly reviewed and consulted a rebuttal expert, Dr. Philip Munoz. (McGlothlin Decl., ¶ 4.) Dr. Munoz is the Tocqueville Professor of Political Science and Concurrent Professor of Law at the University of Notre Dame, who writes and teaches across the fields of constitutional law, American politics, and political philosophy with a focus on religious liberty and the American Founding. (Id., Exh. B.)

The Court's scheduling order provided for initial expert designations by October 25, 2024, followed by rebuttal and supplemental designations by November 8, 2024. (ECF No. 39, pp.6-7.) This provides only fourteen days for rebuttal designations. Dr. Munoz is agreeable to serving as an expert witness but the time in which to review and respond to Dr. Finkelman's lengthy opinions is impractical. (Id., ¶ 5.) Defendants propose a modest extension to November 25, 2024, seventeen-days from the scheduled date of November 8, 2024, to ensure that Dr. Munoz has sufficient time to prepare a reasoned response. (Id.)

Defendants note that under the Federal Rules of Civil Procedure, a party is ordinarily entitled to 30 days to designate rebuttal experts. FRCP 26(a)(2)(D)(ii). Furthermore, in their Joint Status Report, the parties previously expressed agreement to 46 days for rebuttal reports

4

following initial designations. (ECF No. 38.) Plaintiff did not inform Defendants that Plaintiff intended to designate a historical expert or include such voluminous declarations, which would have given Defendants advance time to secure rebuttal experts. (McGlothlin Decl., ¶ 7.)

Defendants will provide Dr. Munoz for deposition. While Plaintiff identifies the close of the Stanford legal clinic for the academic semester as reason to oppose this request, Defendants note that a number of depositions taken by Plaintiff in this case have been taken by Plaintiff's counsel, Wendy Musell, a lawyer in private practice, including the recent depositions conducted by Plaintiff in September and October, 2024, at which attorneys from the Stanford legal clinic also attended but did not conduct the examinations. (McGlothlin Decl., ¶ 8.) Additionally, the deposition of Dr. Munoz can be conducted remotely to minimize inconvenience to schedules, especially given several other depositions taken by Plaintiff have also been taken remotely.

## CONCLUSION

Plaintiff raises novel issues relating to religious accommodation and compliance with oaths for public employment. The interests of justice will be best served by expert opinions from each side, rather than just Plaintiff's expert who had the advantage of many months in which to prepare his lengthy discourse on these subjects. The validity of those opinions deserves the opportunity to be tested by rebuttal. For the reasons stated above, Defendants respectfully request that the Court grant a modification to the scheduling order, to extend the deadline for disclosure of rebuttal experts by a modest seventeen-days to November 25, 2024.

Dated: November 8, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
KELSEY LINNETT
Supervising Deputy Attorney General

JOHN T. MCGLOTHLIN
Deputy Attorney General
*Attorneys for Defendants Office of the California State Controller, Malia M. Cohen, Betty T. Yee, and Gerard Anderson*

OK2020900414
91919069.docx

5

Defs.' Mt. for Administrative Relief  (2:20-cv-02081-JAM-SCR)

## DECLARATION OF SERVICE BY E-MAIL

Case Name: **Brianna Bolden-Hardge v. Office of the California State Controller, et al.**
No.: **U.S. District Court – Eastern District Case No. 2:20-cv-02081-JAM-SCR**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter.

On November 8, 2024, I served the following:

1. **DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF;**
2. **DEFENDANTS' NOTICE OF MOTION FOR ADMINISTRATIVE RELIEF;**
3. **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF;**
4. **DECLARATION OF JOHN T. MCGLOTHLIN IN SUPPORT OF DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF;**

by transmitting a true copy via electronic mail, addressed as follows:.

James A. Sonne, Esq.
Zeba Azim Huq, Esq.
Stanford Law School Religious Liberty Clinic
559 Nathan Abbott Way
Stanford, CA 94305-8610

**E-mail Address:**
agrimm@stanford.edu
zebahuq@law.stanford.edu

*Attorneys for Plaintiff
Brianna Bolden-Hardge*

Wendy E. Musell, Esq.
Law Offices of Wendy Musell PC
66 Franklin Street, Suite 300
Oakland, CA 94607

**E-mail Address:**
mwillits@wendymuselllaw.com
wmusell@wendymuselllaw.com

*Attorney for Plaintiff
Brianna Bolden-Hardge*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 8, 2024, at Oakland, California.

|   Leticia Martinez-Carter   | *Leticia Martinez-Carter* |
|:---:|:---:|
| Declarant | Signature |

OK2020900414
91920470.docx